## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT W. MAWSON, SR.,                :

        **Plaintiff**        :        CIVIL ACTION NO. 3:22-1483

    **v.**                        :                (JUDGE MANNION)

NEWPORT TWP POLICE DEPT,     :
*et al.*,

                              :

        **Defendants**        :

                              :

### MEMORANDUM

Pending before the court is the report of Magistrate Judge Joseph F. Saporito, Jr., which recommends that the defendants' motion to dismiss be granted and the plaintiff's *pro se* amended complaint be dismissed for failure to state a claim upon which relief can be granted. (Doc. 41). The plaintiff has filed objections to the report (Doc. 42), along with exhibits (Doc. 43), to which the defendants have responded (Doc. 44).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to

the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The facts surrounding the instant action, which can be gleaned from the plaintiff's amended complaint and the public records from the plaintiff's state criminal action, have been summarized by Judge Saporito in his report and need not be repeated herein. Suffice it to say that the plaintiff has brought this civil rights action against the Newport Township Police Department, Newport Township Police Chief Jeremy Blank and Newport Township Police Officer Sanmarco. His allegations center around a criminal

complaint filed against him by defendant Sanmarco charging him with two counts of the third-degree misdemeanor offense of harassment involving the communication of threatening language. The plaintiff failed to show for a preliminary hearing on the charges and a bench warrant was issued for his arrest. The plaintiff was subsequently arrested on the bench warrant and incarcerated for approximately one week. Ultimately, the charges against the plaintiff were dismissed *nolle prosequi*. The plaintiff brought this action alleging Fourteenth Amendment due process claims.

In considering the defendants' motion to dismiss the plaintiff's amended complaint, Judge Saporito initially found that the plaintiff's claims related to his unlawful arrest and pretrial detention were properly brought under the Fourth, not the Fourteenth, Amendment. As such, he recommends that the plaintiff's Fourteenth Amendment due process claims be dismissed for failure to state a claim upon which relief can be granted. Liberally construing the amended complaint, however, Judge Saporito noted that it appears to set forth Fourth Amendment unreasonable seizure claims, as well as false arrest and imprisonment claims, and he proceeded to consider the motion to dismiss as to those claims.

Next, Judge Saporito found that the Newport Township Police Department is an improper defendant in this §1983 civil rights action. Again,

- 3 -

liberally construing the amended complaint, Judge Saporito considered the plaintiff's claims as against Newport Township itself. In doing so, Judge Saporito determined that the plaintiff's amended complaint did not sufficiently allege a *Monell*[1] claim because the plaintiff failed to identify a policy or custom adopted or promulgated by Newport Township or its police department which resulted in injury to him. He therefore also recommends that the claims against Newport Township or its police department be dismissed for failure to state a claim upon which relief can be granted.

With respect to defendant Blank, Judge Saporito found that the plaintiff failed to allege any personal involvement on his behalf in any alleged violations. As civil rights claims cannot be premised in *respondeat superior* liability, Judge Saporito recommends that the claims against defendant Blank be dismissed.

Finally, as to defendant Sanmarco, Judge Saporito found that he had no involvement in the plaintiff's alleged unlawful arrest and pretrial detention, as the only conduct alleged on behalf of defendant Sanmarco is that he initiated criminal proceedings against the plaintiff by way of a criminal complaint. This, however, resulted in the issuance of a summons, not an arrest warrant. In fact, it was a bench warrant issued by a judge after the

---

[1] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

plaintiff failed to appear for a preliminary hearing which resulted in his arrest.

Given this, Judge Saporito recommends that the claims against defendant

Sanmarco also be dismissed for failure to state a claim upon which relief can

be granted.

The plaintiff has filed a number of objections to Judge Saporito's report.

Upon review, the court finds none of the plaintiff's objections are sufficient to

challenge Judge Saporito's findings.[2] Initially, the plaintiff argues that the

report incorrectly stated that he couches all of his claims under the

Fourteenth Amendment. Instead, the plaintiff argues that the claims should

have been considered under the Fourth Amendment.[3] Indeed, while Judge

Saporito dismissed any Fourteenth Amendment claims, he liberally

construed the plaintiff's claims under the Fourth Amendment as well. Even

so, he found the plaintiff's claims failed to state a claim for various reasons.

---

[2] The court notes that the plaintiff's objections do not challenge Judge Saporito's findings with respect to Newport Township or defendant Blank. Therefore, the recommendations as to those defendants will be adopted in their entirety as the decision of the court.

[3] In so arguing, the plaintiff references and challenges the striking of Doc. 14. Upon review, Doc. 14 raised arguments with respect to the motion to dismiss his original complaint which is no longer the operative pleading before the court. Further, it sought leave to amend the complaint, which the plaintiff was permitted to do.

The court finds no error in the consideration of the plaintiff's claims in this regard and the plaintiff's objections will be overruled on this basis.

The plaintiff further objects to Judge Saporito's finding that he was properly served with the criminal summonses to appear in state court. The plaintiff argues that he, in fact, was not properly served and that it was defendant Sanmarco who made a misrepresentation to the court regarding proper service upon him. However, as outlined by Judge Saporito, service of criminal summonses is governed by the Pennsylvania Rules of Criminal Procedure and defendant Sanmarco had no part in that service. Based upon the record in this case, the court finds no basis to disturb Judge Saporito's finding with respect to service of the summonses and the plaintiff's objections will be overruled in this respect.

Next, the plaintiff argues that Judge Saporito erred in finding that defendant Sanmarco played no role in his arrest. The plaintiff argues that defendant Sanmarco, in fact, had a role in pursuing the charges against him. While it is true that defendant Sanmarco initiated the criminal proceedings against the plaintiff by issuing the summons, the plaintiff was arrested on a bench warrant issued by a judge for his failure to appear at the preliminary hearing. Defendant Sanmarco did not issue the warrant, nor did he arrest or detain the plaintiff. The court finds no error with respect to Judge Saporito's

findings in this regard. The plaintiff's objections will be overruled on this basis.

The plaintiff also argues that the court should decline to adopt the report on the basis that Judge Saporito may be biased in this case because he previously had interactions with the Pittston City Police Department and Mayor. The plaintiff presents nothing, however, to demonstrate any bias on the part of Judge Saporito with respect to this case which stems from criminal proceedings in Newport Township. The plaintiff's objections will be overruled on this basis as well.

Finally, the plaintiff argues that Judge Saporito erred and demonstrated prejudice in ruling on certain discovery matters in this case. There is no indication from the record that the plaintiff appealed the rulings on those matters and the instant report considers the defendants' motion to dismiss the plaintiff's amended complaint and no other matters. As such, the plaintiff's objections will be overruled on this basis.

In accordance with the foregoing, an appropriate order shall issue.

**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 15, 2024**
22-1493-01

- 7 -